United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 27, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 02-11138
Summary Calendar

———————————

DONALD A. TITTLE, JR.,,

Plaintiff-Appellant,

versus

MARK RAINES, ET AL.,

Defendants,

MARK RAINES and STEVE ROONEY,

Defendants-Appellees.

———————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:99-CV-478-L

———————————

Before GARWOOD, JOLLY and SMITH, Circuit Judges.

PER CURIAM:*

Donald A. Tittle, Jr., appeals the summary judgment dismissal

of his 42 U.S.C. § 1983 false arrest and malicious prosecution

claims against Mark Raines and Steve Rooney, police officers of the

———————————

*Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

town of Addison, Texas. The district court, in a thorough and well considered opinion, concluded that the defendants acted with probable cause at all times, and that they enjoyed qualified immunity.

With respect to his false arrest claim, Tittle argues that the defendants not only lacked probable cause to arrest him, but also misled the judge who issued his arrest warrant. In an appeal from summary judgment, we review the record *de novo*, "examining the evidence in the light most favorable to [Tittle], the nonmovant below." *Duckett v. City of Cedar Park*, *Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Once the defendant moves for summary judgment on qualified immunity, the burden is on the plaintiff to come forward with proper summary judgment evidence sufficient to sustain a finding that qualified immunity is lacking. *Salas v. Carpenter*, 940 F.2d 299, 306 (5th Cir. 1992).

There is no cause of action for false arrest under 42 U.S.C. § 1983 unless the arresting officers lacked probable cause. *Duckett* at 278. A review of the record reveals that at the time that the defendants arrested Tittle, they had trustworthy information sufficient to warrant a prudent person, or one of reasonable caution, to believe that an offense had been committed. *See United States v. Fortna*, 796 F.2d 724, 739 (5th Cir. 1985). Probable cause to arrest requires no more than information sufficient to warrant a reasonable officer's belief that there is

a "fair probability"–not that it is more likely than not or that there is not less than a fifty percent chance–that the prospective arrestee has committed an offense. *USA v. Garcia*, 179 F.3d 265, 269 (5th Cir. 1999). The record reflects that, as the district court concluded, the defendants acted with probable cause when they arrested Tittle.

Moreover, for purposes of qualified immunity, the question is not simply whether there was probable cause to arrest but is rather whether *all* similarly situated reasonable officers would conclude (contrary to the district court) that probable cause was lacking. *See, e.g., Anderson v. Creighton*, 107 S.Ct. 3034, 3040 (1987); *Blackwell v. Barton*, 34 F.3d 298, 303-05 (5th Cir. 1994). On the undisputed facts here it is clear as a matter of law that not all reasonable officers would so conclude.

Tittle also brought a claim against Raines and Rooney for malicious prosecution, alleging that they acted without probable cause to prosecute him and omitted exculpatory information from the case report submitted to the district attorney's office. We need only consider the elements of the tort of malicious prosecution as defined under the Texas law to determine whether Tittle has established a claim of malicious prosecution. *See Gordy v. Burns*, 294 F.3d 722, 726 (5th Cir. 2002). In determining whether probable cause existed for purposes of a malicious prosecution claim, we ask "whether a reasonable officer–at the time when criminal proceedings

3

were instituted and based solely on the facts as the officers honestly believed them to be-would believe to a 'fair probability' that a crime had been committed." *Gordy*, 294 F.3d at 728 (citing *Piazza v. Mayne*, 218 F.3d 239, 245-46 (5th Cir. 2000)).

Although Raines and Rooney had already met with Tittle and his counsel and were aware of the existence of certain exculpatory evidence, at the time of Tittle's prosecution, the officers nevertheless possessed sufficient evidence from which they could conclude there was a fair probability that Tittle had committed an offense. *See id.* at 729 ("[T]he probable cause inquiry does not require a showing that the officer's belief was correct or that it was more likely true than false.") The district court held that when the prosecution was instituted the officers had probable cause to believe Tittle had committed the offense charged. We agree. The defendants acted with probable cause to cause the case against Tittle to go forward and they are, therefore, entitled to qualified immunity on Tittle's malicious prosecution claim.

The summary judgment of the district court is

AFFIRMED.